Richardson *v.* Peacock.

### RICHARDSON *vs.* PEACOCK.

1. Where a party, under agreement not to carry on a specified business, under color of another name, engages in a business which is within the spirit of the agreement, he will be restrained from continuing it.

2. Where the answer fails to disclose the true character of the business so engaged in—whether it was, in fact, such as the defendant might carry on without breach of his covenant, or whether it was so only colorably, the injunction will not be dissolved upon the answer, but will be retained till final hearing.

On motion to dissolve injunction, on bill and answer.

*Mr. A. C. Scovel* and *Mr. P. L. Voorhees,* for the motion.

*Mr. S. H. Grey* and *Mr. A. Browning, contra.*

THE CHANCELLOR.

By a covenant entered into by the defendant with the complainant, on the 14th of November, 1863, the former, in consideration of the purchase by the latter from him at that time, of the fixtures connected with his business of shipping poultry at No. 121 South street, in Philadelphia, and the good will of the business, and all his right, title, and interest therein, and of the sum of $2000 paid to him by the complainant, covenanted that he would not, for the space of two years from that date, ship or send any poultry to the city of New York or the city of Washington, without the complain-

ant's consent; and further, that he would not, at any time after two years from the date of the agreement, send or ship any poultry coming from the counties of Salem, Cumberland, Camden, and Gloucester in this state, and South street, in Philadelphia, to either the city of Washington or the city of New York; and that he would ship no poultry to those cities so that the same might in any way interfere with or prejudice the complainant in the business of shipping poultry, which he had bought from the defendant. The bill alleges that the defendant has broken his covenant, and under pretence of acting as a commission merchant, or as agent for others, was, at the filing of the bill, purchasing, shipping, and sending, or procuring to be purchased, shipped, and sent from the above mentioned counties and from South street, in Philadelphia, large quantities of poultry, in violation of his covenant, and thus seriously interfered with the complainant's business. It prays an account of damages sustained by the breach of the covenant, and an injunction to restrain the defendant from further violation of the contract, and for general relief. On filing the bill, an injunction was issued.

The defendant has answered, admitting the covenant, and alleging that, for certain apparent violations of it from about the month of October, 1871, to the month of April, 1873, he had the complainant's permission; and that on or about the 1st of April, 1874, he went to the city of New York, and there engaged in the business of selling poultry on commission for such persons as would ship or send poultry to him to sell for them on commission, and that, at the time of filing the bill and service of the injunction, he was engaged in selling poultry there for certain persons whom he names, residents of the counties of Salem and Gloucester, and a person doing business in South street, in Philadelphia. The answer admits that the defendant is a resident of Camden county. To say nothing of the transactions which took place between October, 1871, and April, 1873, and for which the defendant claims he had the complainant's permission, it is obvious that the character and *bona fides* of the alleged commission business

set up in the answer, are important subjects of inquiry in the case. If, under the similitude of selling on commission, the defendant was, at the filing of the bill, engaged in a business which was within the spirit of the agreement, he should be restrained from continuing it. *Newling* v. *Dobell*, 19 *L. T.*, *N. S.*, 408. It is, therefore, manifestly important to know the true character of that business—whether it was, in fact, such a one as he might carry on without breach of his covenant, or whether it was so, only colorably.

The injunction must be retained till the hearing.